**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

---

| | |
|---|---|
| **EUGELBER ALDAIR LOPEZ-GODINEZ** | **CIVIL CASE NO. 26-4805** |
| **VERSUS** | **JUDGE EDWARDS** |
| **ADMINISTRATOR, ALEXANDRIA STAGING AREA** | **MAG. JUDGE PEREZ-MONTES** |

---

**MEMORANDUM ORDER**

Pending before the Court is a Petition for Writ of Habeas Corpus[1] and an Emergency Motion for Temporary Non-Transfer Order and Expedited Review ("Motion") filed by Eugelber Aldair Lopez-Godinez ("Petitioner").[2] Having carefully considered Petitioner's submissions and the applicable law, Petitioner's Motion is **DENIED** and this action is **DISMISSED**.

Petitioner has an ongoing habeas action pending in the Western District of New York.[3] He acknowledges that the instant Petition "concerns the same detention and is not intended to conceal or circumvent that proceeding."[4] Petitioner seeks to distinguish from this matter from his New York habeas petition by seeking a "narrowly tailored interim order maintaining his present location."[5]

---

[1] R. Doc. 1.
[2] R. Doc. 2.
[3] R. Doc. 6:26-cv-07199.
[4] R. Doc. 1, at 1.
[5] R. Doc. 2, at 1.

"The only district that may consider a habeas corpus challenge pursuant to § 2241 is the district in which the prisoner is confined at the time he filed his § 2241 petition."[6] Here, jurisdiction for Petitioner's challenge to his present detention remains in the Western District of New York. Moreover, when a Court receives a habeas petition that is factually indistinct from an earlier, ongoing petition, that later petition may be dismissed.[7] Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Non-Transfer and Expedited Review is **DENIED**.

**IT IS FURTHER ORDERED** that this action is hereby **DISMISSED without prejudice** as duplicative.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED AS MOOT**.

**THUS DONE AND SIGNED** this 24th day of November, 2026.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

[6] *E.g., Owens v. Roy*, 394 F. App'x 61, 62 (5th Cir. 2010).
[7] *Lopez Arce v. U.S. Dep't of Homeland Sec.*, No. 5:26-CV-01691, 2026 WL 3182554, at *1 (S.D. Tex. Oct. 7, 2026) ("When a duplicate habeas petition is filed alleging "substantially the same facts arising from a common series of events," the later-filed petition should ordinarily be dismissed."); *Conner v. Warden*, No. 5:24-CV-00645, 2024 WL 4096455, at *1 (W.D. La. Aug. 9, 2024), *report and recommendation adopted*, No. 5:24-CV-00645 SEC P, 2024 WL 4094290 (W.D. La. Sept. 5, 2024); *see Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) ("Ordinarily, as occurred here, the district court confronted with the later-filed action should dismiss it in favor of the case that was filed earlier.").